IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOEY LYNN KIRKS | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-273 |
| THOMAS BURBANK, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Joey Lynn Kirks, an inmate at the Jefferson County Correctional Facility, proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Thomas Burbank, the Port Arthur Police Department and the Jefferson County District Attorney's Office. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

In his Complaint (doc. #1), Plaintiff states he provided the District Attorney's Office with information about other crimes. He asserts the District Attorney's Office sent two detectives employed by the Port Arthur Police Department to gather information from him. Plaintiff alleges Defendant Burbank, who represented him, and the detectives stated they would inform the District Attorney's Office of his cooperation so that he would be granted immunity or have the charges against him dismissed. Plaintiff states Defendant Burbank and the detectives, as well as the assistant district attorney who was prosecuting him, lied when they promised him immunity.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

*Claim Against Defendant Burbank*

Plaintiff alleges Defendant Burbank, his defense counsel, lied to him about being granted immunity. In order to state a cause of action under Section 1983, a plaintiff must allege that the person who deprived him of a federal right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 638 (1980); *Manax v. McNamara*, 842 F.2d 808, 812 (1988). A private attorney generally does not act under color of state law. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). As a result, Plaintiff's claim against Defendant Burbank does not state a cause of action under Section 1983 and should be dismissed for failure to state a claim upon which relief may be granted.

*Claim Against Port Arthur Police Department*

Plaintiff has also named the Port Arthur Police Department as a defendant. In order for an entity to be a party to a lawsuit, the entity must have the capacity to sue or be sued. *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993). The Police Department, as at best a subdepartment of a local governmental entity, does not have a sufficiently separate legal interest to enable it to be named as a defendant in a lawsuit. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 314 (5th Cir. 1991). However, as Plaintiff is proceeding *pro se*, his claim against the Police Department will be construed as a claim against the City of Port Arthur.

The City of Port Arthur cannot be held liable under 42 U.S.C. § 1983 for the actions of its officers or employees based on a theory of *respondeat superior*. *Sweetin v. City of Tex. City, Tex.*, 48 F.4th 387, 392 (5th Cir. 2022). A governmental entity such as Port Arthur may only be held liable for a constitutional violation if the violation was the result of an official policy or custom on the part of the entity. *Id*.

An official policy or custom can be established in several ways. An official policy may be a policy statement, ordinance, regulation, or decision that has been officially adopted and promulgated by a policymaker. *Hicks-Fields v. Harris Cty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017). A policy may also arise from a "persistent, widespread practice of city officials or employees,

which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Burge v. St. Tammany Par.*, 336 F.3d 363, 369 (5th Cir. 2003).  Finally, a policy or custom may be considered to exist where the need to take some action is so obvious, and the inadequacy of existing training so likely to result in the violation of constitutional rights, that a municipality's failure to train its employees demonstrates a "deliberate indifference" to the rights of citizens. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).

Plaintiff complains that detectives employed by the City of Port Arthur falsely promised he would be granted immunity.  Plaintiff has failed to identify any polices or customs of Port Arthur which led to the actions allegedly taken by the detectives.  As a result, Plaintiff has failed to state a claim upon which relief may be granted against the City of Port Arthur.

*Claim Against the District Attorney's Office*

Criminal prosecutors enjoy absolute immunity from claims for money damages asserted under Section 1983 for actions taken in the presentation of a criminal case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993).  As the Supreme Court stated:

> [A]cts taken by the prosecutor in preparing for the initiation of judicial proceedings or for trial and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.  Those acts must include the professional evaluation of the evidence assembled by the police and the appropriate preparation for its presentation at trial . . . .

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Prosecutorial immunity applies to a prosecutor's actions in initiating the prosecution of a case and in carrying a case through the judicial process. *Graves*, 1 F.3d at 318.  Absolute immunity against claims for money damages shields prosecutors even when they initiate prosecution maliciously, wantonly or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).  However a prosecutor is only entitled to qualified immunity for administrative functions and investigatory functions that do not relate to preparing a case for prosecution or judicial proceedings. *Loupe v. O'Brannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Plaintiff alleges an assistant district attorney lied to him about being granted immunity. This action was done as part of carrying a criminal case through the judicial process. As a result, the assistant district attorney, as well as the District Attorney's Office, is entitled to absolute prosecutorial immunity.[1]

## Recommendation

This civil rights lawsuit should be dismissed.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 3rd day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent the claim against the District Attorney's Office could be construed as a claim against Jefferson County, Plaintiff has failed to identify any custom or policy of the county that led to the actions Plaintiff attributes to the assistant district attorney.